IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY PLAINTIFF

v. Civil No. 1:26-cv-01037-SGS

CHARLIE PHILLIPS; JEFF STENTSON; CAPTAIN SANDERS; and SHERYL BETENSE DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action originally filed *pro* se by Plaintiff, Raymond Douglas Hardy, under 42 U.S.C. § 1983. Currently before the Court is Plaintiff's Motion for Leave to proceed *in forma pauperis* ("IFP"), (ECF No. 1), and the Motion for Service, (ECF No. 3).

The case was directly assigned to the undersigned Magistrate Judge; however, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to a United States District Judge. *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

## I. BACKGROUND

Plaintiff filed his original Complaint on June 30, 2026, along with a Motion to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-2). Upon review of Plaintiff's federal cases, the Court determined that Plaintiff has at least three cases, filed when he was incarcerated or detained, which were dismissed as frivolous or as failing to state a claim, invoking what is referred to as the "three

strike rule." (ECF No. 4). Accordingly, the Court provisionally filed Plaintiff's Complaint and directed him to show the Court: (1) why he does not believe each of the cases constitute a strike within the meaning of 28 U.S.C. § 1915(g); or (2) why he does not believe the three-strike rule applies to this case. (ECF No. 4).[1]

Plaintiff responded with his arguments on July 24, 2026. (ECF No. 6). Then he filed an Amended Complaint on July 27, 2026. (ECF No. 7). The Court will address each in the analysis below.

## II. LEGAL STANDARD

Section 1915(g), of the Prison Litigation Reform Act, 28 U.S.C. § 1915, (hereinafter "PLRA"), limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See also Higgins v. Carpenter*, 258 F.3d 797, 800-801 (8th Cir. 2001) (holding that §1915(g) is constitutional). This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

[1] The Court notes, in its provisional filing Order, it listed an incorrect case number, Civil Case No. 1:24-cv-01019-SOH, attributing that case to Plaintiff as a strike. (ECF No. 3). Instead, the case number should have been 1:26-cv-01019-SOH as cited herein. The Court has not considered Civil Case No. 1:24-cv-01019-SOH against Plaintiff as a strike. The Court finds Plaintiff has three strikes, as listed herein, without any consideration of Civil Case No. 1:24-cv-01019.

## III. ANALYSIS

It is the undersigned's duty to make an independent evaluation of each of Plaintiff's prior dismissals in considering the application of the three strikes provision to the instant Complaint. *See Gonzalez v. United States,* 23 F.4th 788, 790 (8th Cir. 2022). In the Court's independent evaluation, it must also consider the Eighth Circuit's decision in *Castillo-Alvarez v. Krukow.* In *Castillo,* the Eighth Circuit held dismissals based solely on the immunity of the named defendants from suit under section 1915A(b)(2) should not be considered strikes for purposes of a section 1915(g) consideration. *Castillo-Alvarez v. Krukow,* 768 F.3d 1219, 1220 (8th Cir. 2014). Finally, the Court may consider cases dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA in determining a prisoner's accumulated three strikes. *Cole v. Nieman,* 2020 WL 5545398, at * 1 (D. Neb. Sep. 16, 2020) (citing *In re Tyler,* 110 F.3d 528, 529 (8th Cir. 1997) (recognizing the dismissal of the prisoner's pre-PLRA claims in determining the prisoner's number of strikes).

The Court finds Plaintiff's following cases have been dismissed as frivolous, malicious, or for failure to state a claim and therefore constitute a "strike" pursuant to section 1915(g):

(1) *Hardy v. Proctor, et al.*, Civil Case No. 4:08-cv-00064-JLH in the Eastern District of Arkansas;

(2) *Hardy v. Mitcham, et al.*, Civil Case 1:24-cv-01052-SOH in the Western District of Arkansas; and

(3) *Hardy v. Worley, et al.*, Civil Case 1:26-cv-01019-JTS in the Western District of Arkansas.

In his Response to the Court's provisional filing Order, Plaintiff first argues that Civil Case Number 4:08-cv-00064-JLH should not be considered as a strike against him because he did not

file that case. (ECF No. 6). However, "Raymond D. Hardy" signed the Complaint in Civil Case Number 4:08-cv-00064-JLH. Further, the Arkansas Division of Corrections ("ADC") Inmate Search Record states that Raymond D. Hardy is currently being held in Union County Detention Center waiting transfer to the ADC. This is the only Raymond Hardy currently incarcerated in the ADC. The ADC Inmate Search Record also indicates Raymond D. Hardy was convicted and sentenced on March 26, 2026. ADC Inmate Search Record, https://inmate.ark.org/index.php/145980-7573604 (last visited September 3, 2026). The instant Amended Complaint from Plaintiff states he was convicted on March 26, 2026, and is incarcerated in the Union County Detention Center. (ECF No. 7). The Court does not find this coincidental and determines this Inmate Search Record of Raymond D. Hardy is the inmate record of our Plaintiff here.

Moreover, Civil No. 4:08-cv-00064-JLH was filed in the Eastern District of Arkansas on January 23, 2008, by a plaintiff named, "Raymond D. Hardy." That complaint complained of 2006 criminal charges in Pulaski County regarding a Robbery, and the ADC Inmate Search Record shows Plaintiff received a probation sentence from a case out of Pulaski County on a 2006 Robbery charge. ADC Inmate Search Record, https://inmate.ark.org/index.php/145980-7573604 (last visited September 3, 2026). Further, according to Arkansas state court records, "Raymond Douglas Hardy" had two criminal cases in Pulaski County, Arkansas initiated in 2006—one charging him with robbery and resisting arrest and the other charging him with aggravated robbery, commercial burglary, two counts of theft of property, fleeing, and battery in the third degree. *See State v. Raymond Douglas Hardy,* 60CR-06-4879, https://caseinfo.arcourts.gove/opad/case/60CR-06-4879 (last visited Sept. 16, 2026); *see also State v. Raymond Douglas Hardy,* 60CF-06-4739, https://caseinfo.arcourts.gove/opad/case/60CR-06-4739 (last visited Sept. 16, 2026). The Court is

able to take judicial notice of publicly available information. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). Such information, as is cited herein, clearly contradicts Plaintiff's allegation that he was not the "Raymond D. Hardy" who filed *Hardy v. Proctor, et al.*, Civil Case No. 4:08-cv-00064-JLH in the Eastern District of Arkansas.

Next, Plaintiff argues *Hardy v. Mitcham, et al.*, Civil Case 1:24-cv-01052-SOH should not be considered a strike because it is not frivolous or malicious, nor does it fail to state a claim. (ECF No. 6, p. 3). He goes on to explain he has not been able to work this case yet. *Id.* However, the Honorable Susan O. Hickey, United States District Judge, dismissed that case on February 12, 2025, by adopting the Magistrate Judge's findings that Plaintiff failed to state a claim upon which relief could be granted and specifically noting the case could be considered as a strike for purposes of section 1915(g). *Hardy v. Mitcham, et al.*, Civil Case 1:24-cv-01052-SOH, Doc. No. 12 (W.D. Ark. Feb. 12, 2025).

Thus, this Court finds that the Plaintiff has acquired three strikes as provided for in section 1915.

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

In his Amended Complaint, Plaintiff complains of a single incident where another inmate punched him in the face. (ECF No. 7). While Plaintiff does claim the Defendants did not

adequately protect him from that inmate, he does not make any claims that there is an ongoing threat from this inmate. Accordingly, Plaintiff has failed to state that he is or was in imminent danger, at the time he filed this suit. Thus, he has failed to satisfy the imminent danger exception to the three strikes rule. *See Ashley*, 147 F.3d at 717; *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining the imminent danger exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

Accordingly, Plaintiff's Complaint should be dismissed pursuant to section 1915(g) as Plaintiff is subject to the three-strike rule and has failed to show he is in imminent danger herein.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's IFP Motion (ECF No. 2) be **DENIED** pursuant to 28 U.S.C. § 1915(g) and this case be **DISMISSED WITHOUT PREJUDICE.** It is also **RECOMMENDED** that, upon dismissal, Plaintiff be given thirty days to file a Motion to Reopen this case upon payment of the full filing fee, and it is **RECOMMENDED** the Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith. Finally, it is **RECOMMENDED** Plaintiff's Motion for Service be **DENIED** as **MOOT**.

**Referral Status: The referral in this matter should be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of September 2026.**

/s/ Spencer G. Singleton
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE